IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 22 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| LARRY JOE MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-537-A |
| | § | |
| TARRANT COUNTY FORT WORTH, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Plaintiff, Larry Joe Morgan, a prisoner incarcerated in a facility of the Texas Department of Criminal Justice, filed this suit pro se under 42 U.S.C. § 1983, naming as defendants Tarrant County Fort Worth, Fort Worth Police Department, Joe Shannon Criminal Justice Center, John Peter Smith Hospital, and attorneys Scott Walker, Sr. ("Walker"), and William S. Harris ("Harris").[1]

I.

The Complaint

The complaint alleges the following:

The Fort Worth Police Department Officer Back committed perjury on the stand. I can prove it and it was a big impact to my trial meaning his testimony. #2 Gang unit

---

[1] Some of the defendants are improperly named. For example, "Fort Worth Police Department" is not an entity capable of being sued; rather, City of Fort Worth would be the proper defendant. Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991). However, because the court is dismissing this action regardless of who is named as a defendant, the court will not substitute the proper defendants.

> officer Salazar didn't do any DNA testing. #3 Office Salazar allowed statement to be taken from guys with no ID just SS cards numbers. #4 My boxers should be evidence just as the state victim, mines is missing. #5 My daughter was put back in harm's way! #6 John Peter Smith in collusion with this conspiracy. #7 Ineffective counselors. #8 Collusion. #9 Prosecutorial vindictiveness. #10 Tampering and fabricating with governmental records and documents. #11 Resulting in me bing illegally restrain from my liberty. Defermation of carecter. The assault happen to me at Cobb Park where there were over 30 witnesses.

Compl. at 4(a) (errors in original). As to the relief sought, plaintiff requested "justice," "action" taken on his motions, and, upon proving his innocence, payment of $2,000,460.00. Id. The complaint also indicated that plaintiff previous previously filed an action before another judge of this court, see Morgan v. City of Fort Worth, Texas, et al., Civil Case No. 4:13-CV-004-Y (consolidated with Case No. 4:13-CV-017-Y), and the court takes judicial notice of the entire record in that case.

II.

Screening Pursuant to 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either

frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted). After considering plaintiff's claims as described in the complaint, the court concludes that they are frivolous and fail to state a claim for relief against any defendant.

### III.

### Analysis

A. Dismissal Under Heck v. Humphrey

In 1994, the United States Supreme Court stated that for a plaintiff to recover damages under § 1983

> for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). Thus, the Supreme Court "unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim 'is not cognizable under [§] 1983.'" Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam) (quoting Heck, 512 U.S. at 487)).

Here, all of plaintiff's claims arise from his arrest and conviction for aggravated assault with a deadly weapon.[2] Although the complaint is lacking many factual allegations, plaintiff makes clear that he is challenging: police procedures that occurred prior to trial; testimony of witnesses and handling of evidence at trial; and the conduct of the attorneys involved in his criminal case. A favorable ruling by this court on any of these claims would necessarily imply the invalidity of plaintiff's criminal conviction. This, in fact, is the result plaintiff seeks through this § 1983 action, as plaintiff states he wants "justice" and to receive significant monetary compensation upon proving his innocence.

Because plaintiff has failed to allege or show that an

---

[2]According to the records of the Texas Department of Criminal Justice, plaintiff is serving a term of imprisonment for aggravated assault with a deadly weapon, arising from an offense that occurred on August 4, 2011.

4

authorized tribunal or executive body has overturned or otherwise invalidated his conviction, his claims '[are] not cognizable under [§] 1983.'" Id. Accordingly, plaintiff's claims are dismissed as frivolous. Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (A claim that falls under the rule of Heck "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

B. Dismissal is Warranted on Other Grounds

The court finds that dismissal would be warranted on a number of other grounds as well. For example, it is likely the doctrine of res judicata would bar plaintiff's claims, as the parties and claims asserted in this action appear to be the same as those asserted in Civil Case No. 4:13-CV-004-Y, which was dismissed by another judge of this court on July 31, 2013.[3] Further, at least two of the defendants, attorneys Walker and Harris, are not appropriate defendants, as privately retained or court-appointed attorneys are generally not subject to suit under § 1983 because such are not state actors. See Polk Cnty. v. Dodson, 454 U.S. 312, 324-25 (1981); Mills v. Criminal Dist. Ct.

---

[3] Although res judicata generally must be pleaded as an affirmative defense, sua sponte dismissal is appropriate when the elements of the defense are apparent on the face of the pleadings, as is the case here. Carbonell v. La. Dep't of Health & Human Res., 772 F.2d 185, 189 (5th Cir. 1985); Kan. Reinsurance Co. v. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994).

No. 3, 837 F.2d 677, 679 (5th Cir. 1988). Hence, plaintiff would be unable to sustain his claim of ineffective assistance of counsel against them. Plaintiff also has failed to allege any facts as would state a claim for relief against any defendant.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Larry Joe Morgan, against defendants, Tarrant County Fort Worth, Fort Worth Police Department, Joe Shannon Criminal Justice Center, John Peter Smith Hospital, Walker, and Harris, be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED July 22, 2014.

JOHN McBRYDE
United States District Judge